# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RANDALL WILLIAM,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )      **CIVIL NO. 09-cv-151-MJR** |
| | ) |
| **RYDER LEE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Randall William, formerly an inmate in the Lawrence Correctional Center, brings

this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  This case is

now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A,

which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event,
> as soon as practicable after docketing, a complaint in a civil action in which a
> prisoner seeks redress from a governmental entity or officer or employee of a
> governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims
> or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief
> > may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such
> > relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which

relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**FACTS ALLEGED**

There are discrepancies regarding the specific facts of this case, resulting in two versions of the facts. Under the first, supported by the Offender Disciplinary Report filed against William on May 6, 2008, William was sent to *administrative* segregation after refusing to lock up in his assigned cell after three direct orders. The second version of the facts is contained in William's assertion that he was unjustly subjected to *disciplinary* segregation.

William alleges that on May 6, 2008, he notified a guard that he was suffering from a mental health problem by hearing voices. The guard placed William in a shower and locked the door until a member of the crisis team arrived. Afterward, defendant Lieutenant Stuck handcuffed William and put him in segregation for a brief period of time until another crisis team counselor was made available. William was put on crisis watch for a 48-hour period and placed in a cell with no food or clothing for 24 hours. On May 8, 2008, William was released from crisis watch, again to be placed in a segregated cell. Finally, on May 26, 2008, William was returned to general population.

William argues that his due process rights were violated in this situation. He states that hearings are required before inmates are subjected to segregation, but that no disciplinary hearing took place preceding his placement in segregation. William seeks to hold Stuck liable for placing him in segregation, Defendant Schell liable for issuing the ticket, and Defendant Lee liable for allowing the segregation to occur.

**DISCUSSION**

Assuming William was sent to administrative segregation as stated on the ticket, he does not have a viable claim under § 1983. Illinois statutes and correctional regulations do not place

limitations on the discretion of prison officials to place inmates in administrative segregation, including investigative or temporary lockdown or confinement and involuntary protective custody; accordingly, there is no liberty interest implicated by an inmate's placement in these forms of segregation. *Williams v. Ramos*, 71 F3d 1246, 1248 (7th Cir. 1995); *Pardo v. Hosier*, 946 F.2d 1278, 1281-1284 (7th Cir. 1991); *Kellas v. Lane*, 923 F.2d 492, 494-95 (7th Cir. 1991); *see generally Sandin v. Conner*, 515 U.S. 472, 483 (1995); *Hewitt v. Helms*, 459 U.S. 460 (1983).

Even if William was placed in disciplinary segregation as he asserts, he still does not have a viable constitutional claim. When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the

remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

Whether William was sent to disciplinary or administrative segregation without being offered a hearing by the Adjustment Committee, he did not suffer the loss of a constitutional right. William's due process claim is without merit.

<u>**DISPOSITION**</u>

In summary, the complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. William is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004). All pending motions are now **MOOT**.

**IT IS SO ORDERED.**

**DATED this 22nd day of June, 2009.**


**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**